UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MAURICE PLEDGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 15-1251 |
| WEXFORD HEALTH SOURCES, *et al.* | ) ) ) |
| Defendants | ) |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Hill Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need for events that occurred while he was incarcerated at Pontiac Correctional Center. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is

plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff was diagnosed with a brain tumor in 2011 while incarcerated at Pontiac Correctional Center ("Center"), and had surgery to remove the tumor shortly thereafter. Since the surgery, Plaintiff alleges that he suffers from permanent loss of hearing in his left ear, permanent partial paralysis on the left side of his face, and a loss of vision in his left eye.

Plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs with respect to the alleged failure of Pontiac officials to diagnose of his medical condition for two-and-a-half years, and the alleged failure of the defendants to provide the post-surgery medical treatment ordered by the physicians who performed his surgery.

## ANALYSIS

To state a claim for inadequate medical care, the Plaintiff must allege that the prison official acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference is more than negligence, but does not

require the plaintiff to show that the defendants intended to cause harm. Mayoral v. Sheehan, 245 F.3d 934, 938 (7th Cir. 2001). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff alleges a medical condition and symptoms that constitute a serious medical need. See King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012) ("An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (internal quotations omitted)).

Plaintiff's medical treatment is a matter of professional discretion with which the courts will not interfere unless the evidence suggests that "'no minimally competent professional would have so responded under those circumstances.'" Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2008) (quoting Collignon v. Milwaukee

Cnty., 163 F.3d 982, 988 (7th Cir. 1998)).  A medical professional is deliberately indifferent only if "the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. (quoting same).  Within these bounds, a prison medical professional "is free to make his own, independent medical determination as to the necessity of certain treatments or medications," and deference to a prior doctor's diagnosis is not required to satisfy the requirements of the Eighth Amendment. Holloway v. Delaware Cnty. Sheriff, 700 F.3d 1063, 1074 (7th Cir. 2012).

    Plaintiff alleges that the Defendants failed to take appropriate steps to diagnose his brain tumor and failed to follow the aftercare instructions post-surgery.  Thus, a claim that the Defendants failed to exercise appropriate medical judgment is plausible at this stage. In addition, Plaintiff's allegations also support a claim against Wexford Health Services if the Defendants failed to exercise professional judgment as a result of a Wexford policy.

Some or all of Plaintiff's claims may ultimately be barred by the statute of limitations, but the Court cannot make that determination on the record currently presented. Therefore, the Court finds that Plaintiff states a claim for deliberate indifference to a serious medical need.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following claim: Eighth Amendment claim for deliberate indifference to a serious medical need against all Defendants. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2) Plaintiff filed a Motion to Request Counsel [4]. Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the Court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503**

F.3d 647, 654-55 (7th Cir. 2007) (citing <u>Farmer v. Haas</u>, 990 F.2d 319, 322 (7th Cir.1993)).  Plaintiff has not shown that he made reasonable efforts to obtain counsel on his own. A plaintiff normally does this by attaching copies of letters sent to attorneys requesting representation and copies of any responses received.  Because Plaintiff has not satisfied the first prong, the Court does not address the second.  Plaintiff's Motion [4] is DENIED with leave to renew.

    3)    This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    4)    The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel

within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until

a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

**12)   The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, <u>if not already done</u>, and to attempt service on Defendants pursuant to the standard procedures.**

ENTERED:     October 20, 2015

FOR THE COURT:

<i>s/Sue E. Myerscough</i><br>
SUE E. MYERSCOUGH<br>
UNITED STATES DISTRICT JUDGE